UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Desimber Wattleton-Jones, *a/k/a Desimber Rose Wattleton*, | ) Case No. 6:21-cv-04109-TMC-JDA </br> ) </br> ) |
| Plaintiff, | ) **REPORT AND RECOMMENDATION** </br> ) |
| v. | ) </br> ) |
| Adam Anderson; Zachary Eikenberry; Hook Security, Inc.; Ansuz Capital, LLC; Ansuz Cyber Security, LLC; Ansuz Group, | ) </br> ) </br> ) </br> ) |
| Defendants. | ) </br> ) |

Plaintiff, proceeding pro se, brings this civil action against the above-named Defendants, purportedly based on diversity jurisdiction. All pretrial proceedings in this matter were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that this action should be dismissed for lack of jurisdiction as explained below.

## **BACKGROUND**

Plaintiff commenced this action by filing a Complaint on December 22, 2021. [Doc. 1.] In the Complaint, Plaintiff asserts the following four state law causes of action. First, Plaintiff asserts a claim for quantum meruit. [*Id*. at 6–7.] Second, Plaintiff asserts a claim for civil conspiracy to commit fraud. [*Id*. at 8–9.] Third, Plaintiff asserts a claim for breach of good faith and fair dealing. [*Id*. at 9–10.] Fourth, Plaintiff asserts a claim for promissory estoppel. [*Id*. at 10–11.] For her relief, Plaintiff seeks money damages. [*Id*. at 11.]

## **STANDARD OF REVIEW**

Because Plaintiff is a pro se litigant, her pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, Plaintiff's Complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Because Plaintiff has paid the full filing fee, the Complaint is not subject to the prescreening provisions of 28 U.S.C. § 1915. Nevertheless, this Court possesses the inherent authority to review the pro se Complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous. *See Ferguson v. Wooton*, 741 F. App'x 955 (4th Cir. 2018) (collecting cases and explaining that "[f]rivolous complaints are subject to dismissal pursuant to the district court's inherent authority, even when the plaintiff has paid the filing fee" and that "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction"); *Doiley v. Lieber Corr. Inst.*, No. 2:07-cv-3969-PMD, 2008 WL

190637, at *1 (D.S.C. Jan. 17, 2008) (explaining a plaintiff's "claims are subject to an initial *sua sponte* review by the Court pursuant to the Court's inherent authority to ensure that subject matter jurisdiction exists" even where the pro se plaintiff paid the filing fee and did not seek to proceed in forma pauperis).

## **DISCUSSION**

The undersigned finds that Plaintiff has failed to allege facts showing that this Court has subject matter jurisdiction over her claims. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required to determine if "a valid basis for its jurisdiction exists, and to dismiss the action if no such ground appears." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in her pleadings, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). As such, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction."

Generally, federal district courts have original jurisdiction over two types of cases, referred to as (1) federal question cases, pursuant to 28 U.S.C. § 1331, and (2) diversity

cases, pursuant to 28 U.S.C. § 1332. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Diversity jurisdiction requires complete diversity of the parties and an amount in controversy in excess of $75,000.00. *See* 28 U.S.C. § 1332(a). The parties are completely diverse only if no party on one side is a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

Here, Plaintiff alleges that the Court has diversity jurisdiction. Specifically, Plaintiff alleges as follows:

> The Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a) as Hook Security, on the one hand, and Ansuz Capital and Ansuz Cyber Security on the other, are businesses registered in different states; Adam Anderson and Zachary Eikenberry, owners of named companies reside in different states; in addition, the amount in controversy exceeds $75,000, excluding interest and costs.

[Doc. 1 ¶ 1.] As to the citizenship of the parties, Plaintiff alleges that she is a citizen and resident of Greenville, South Carolina; that Defendant Zachary Eikenberry is a citizen and resident of Lakeland, Florida; that Defendant Adam Anderson is a citizen and resident of Greenville, South Carolina; that Defendant Hook Security is a South Carolina corporation whose principal place of business is in Greenville, South Carolina; that Defendant Ansuz Group is a South Carolina corporation whose principal place of business is operated from Greenville, South Carolina; that Defendant Ansuz Capital is a Delaware corporation whose

principal place of business is operated from Greenville, South Carolina; and that Defendant Ansuz Cyber Security is a Delaware corporation whose principal place of business is operated from Greenville, South Carolina.[1]  [*Id*. at 2.]

Plaintiff's allegations fail to satisfy the requirements for subject matter jurisdiction because Defendant Adam Anderson is alleged to be a citizen of South Carolina and Plaintiff is also alleged to be a citizen of South Carolina.[2]  Thus, complete diversity between the parties does not exist, and the Court lacks subject matter jurisdiction over this action.[3] *See Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) (explaining that "no plaintiff may share a citizenship with any defendant").

---

[1] "For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011). "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Id.*  Although Plaintiff identifies certain Defendants as LLCs in the caption of her Complaint, she fails to identify all of the members of those LLCs or their citizenship for jurisdiction purposes.  Nevertheless, as discussed, because Plaintiff and Defendant Adam Anderson are both citizens of South Carolina, complete diversity is not present and the citizenship of the remaining Defendants is irrelevant.

[2] Indeed, the Complaint alleges that all Defendants except Zachary Eikenberry are citizens of South Carolina.

[3] Additionally, Plaintiff has not affirmatively pled facts showing the Court has federal question jurisdiction, and the Court is unable to glean any basis for federal question jurisdiction from the Complaint filed in this case.  Each of Plaintiff's four causes of action—quantum meruit, civil conspiracy to commit fraud, breach of good faith and fair dealing, and promissory estoppel—sound in state law, and the Complaint is devoid of any reference to a federal statute, rule, or constitutional provision that could support federal question jurisdiction.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the undersigned recommends that the District Court dismiss this action for lack of subject matter jurisdiction.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 6, 2022
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).