IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Desimber Wattleton-Jones *a/k/a* *Desimber Rose Wattleton*,<br><br>Plaintiff,<br><br>vs.<br><br>Hook Security, Inc.; Ansuz Capital, LLC; and Ansuz Cyber Security, LLC,[1]<br><br>Defendants. | Civil Action No. 6:21-cv-04109-TMC<br><br>**ORDER** |

Plaintiff Desimber Wattleton-Jones ("Plaintiff"), proceeding *pro se*, brought this action against Defendants Hook Security, Inc., Ansuz Capital, LLC, and Ansuz Cyber Security, LLC (collectively, "Defendants"), relying on diversity jurisdiction and asserting common-law causes of action for quantum meruit, civil conspiracy to commit fraud, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. *See* (ECF No. 12 at 1, 6–10). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On January 6, 2022, the magistrate judge issued a Report and Recommendation ("Report"), recommending the court dismissing the action for lack of subject matter jurisdiction because there was not complete diversity between the parties. (ECF No. 9). However, the following day Plaintiff filed an Amended Complaint in which she dropped three of the named defendants from the action. *See* (ECF No. 12); *see also supra* note 1. Accordingly, on January 10, 2022, the undersigned entered a text order declining to adopt the

---

[1] Plaintiff's original complaint named three additional defendants—Adam Anderson, Zachary Eikenberry, and Ansuz Group. *See* (ECF No. 1). However, January 7, 2022, Plaintiff filed an Amended Complaint in which these defendants were not named as parties. (ECF No. 12). Accordingly, these defendants have been terminated from the action.

Report as moot and returning the case to the magistrate judge for a determination of whether the Amended Complaint cured the deficiencies identified in the Report. (ECF No. 15). The court's text order was mailed to Plaintiff that day to the address she had provided the court, (ECF No. 16), but was returned as undeliverable on January 19, 2022, noting "NO SUCH STREET, UNABLE TO FORWARD," (ECF No. 20). Out of an abundance of caution, the clerk's office remailed the court's text order to Plaintiff, (ECF No. 21), but it was again returned as undeliverable on January 31, 2022. (ECF No. 27).

During this time, the magistrate judge issued an order to show cause directing Plaintiff to show why her Amended Complaint should not be dismissed for lack of jurisdiction (ECF No. 18), which was mailed to Plaintiff on January 14, 2022 (ECF No. 19), and to which Plaintiff responded on January 28, 2022 (ECF No. 22). Notably, despite the fact that Plaintiff responded to—and was, therefore, obviously aware of—the magistrate judge's show cause order, the order was returned to the court as undeliverable on February 4, 2022. (ECF No. 28).

Now before the court is the magistrate judge's second Report, again recommending that the court dismiss the action for lack of subject matter jurisdiction. (ECF No. 24). The Report was mailed to Plaintiff on January 31, 2022, (ECF No. 26), and, to date, has not been returned to the court as undeliverable. Moreover, in light of Plaintiff's response to the magistrate judge's show cause order, which was ultimately returned as undeliverable, the court presumes Plaintiff is aware of the second Report. Plaintiff was advised of her right to file specific objections to the Report, *id*. at 10, but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*,

423 U.S. 261, 270 (1976).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation."  *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, after a careful and thorough review of the Report and Plaintiff's pleadings, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 24), which is incorporated herein by reference.  Accordingly, for the reasons stated therein and in this Order, this case is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 18, 2022
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.